**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 95-10678
(Summary Calendar)
_____

GARY FRANCIS COURTNEY,

                                        Plaintiff-Appellant,

                    versus

J. HAVARD, Parole Officer;
JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:95-CV-00071-C)
_____

November 28, 1995

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Gary Francis Courtney's lawsuit filed

pro se and in forma pauperis (IFP) under 42 U.S.C. § 1983 was

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

dismissed by the district court as frivolous pursuant to 28 U.S.C. § 1915(d).  On appeal we must determine whether courtney's claim of entitlement to release because he did not violate his parole is currently cognizable under § 1983, and whether the facts alleged in support of his claim that his procedural due process rights were violated in his parole revocation are so clearly baseless as to justify dismissal under § 1915(d).  For the reasons set forth below, we affirm in part and vacate and remand in part.  We also deny Courtney's motion for appointment of counsel on appeal.

I

FACTS AND PROCEEDINGS

Courtney is a prisoner of the State of Texas confined at the French Robertson Unit.  He filed a civil rights action against the Director of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID)SQformerly James A. Collins, now Wayne ScottSQand J. Havard, a TDCJ-ID parole officer.  Courtney complained that his Eighth and Fourteenth Amendments rights were violated in the revocation of his parole.

Courtney alleged that he was arrested as a parole violator in Florida, without being served with an administrative warrant. Approximately five days later, he waived his rights concerning extradition in the belief that he would be returned to Harris County, Texas, for a parole hearing; however, he was picked up in Florida by a representative of a private extradition company from Tennessee.  According to Courtney, he did not receive a parole hearing or an opportunity to show that, under orders from his

2

doctors, he had been sent to the Heritage Hospital in Florida for post-surgical care and substance abuse rehabilitation. Courtney alleged that Havard came to see him at the French Robertson Unit, told him that he was charged with absconding from the State of Texas while on parole, and asked him to sign a waiver of a parole hearing. Courtney refused to sign the waiver, explaining to Havard that he was under the care of a physician following surgery for a brain tumor and that he had no memory of being on parole or of the name of his parole officer. Havard told Courtney to sign a paper that stated that he was in Florida.[1] Courtney stated that he requested a copy of the document and that counsel be appointed to represent him, but that Havard refused both requests. Courtney added that he had neither been given a parole revocation hearing nor had counsel appointed to represent him; however, the complaint contains no information concerning what procedures were used to revoke his parole. He seeks release on parole from TDCJ-ID, monetary damages, and court costs and attorney fees.

The district court concluded that Courtney was challenging the fact or length of his confinement so that relief must be pursued in a writ of habeas corpus. The court then dismissed the action as frivolous because the claim lacked an arguable basis in law or in fact. Courtney filed "Objections, and Further Appeal, of the Dismissal Order," which is construed as a timely notice of appeal.

---

[1] It is not clear whether Courtney actually signed the document.

3

ANALYSIS

A district court may dismiss an in forma pauperis proceeding if the claim has no arguable basis in law or fact. See Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992). The dismissal is reviewed for abuse of discretion. Id.

Courtney argues that the district court abused its discretion in dismissing his civil rights action to permit him to seek habeas corpus relief. He states that he has exhausted his state remedies and complains that his application was denied without written order. Courtney informs us that he is no longer seeking release and that he has filed an amended complaint with the district court seeking monetary damages. He also asks us to appoint counsel on appeal because his memory is affected by a brain tumor and by his use of medication to prevent seizures.

"Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotation and citation omitted). "If, however, a prisoner is challenging the result of a specific defective parole hearing, or is challenging a parole board's rules and procedures that affect his release, and resolution would automatically entitle him to accelerated release, then the challenge must be pursued by writ of habeas corpus." Id. A claim that has an indirect impact on whether a claimant eventually receives parole may still be cognizable under § 1983. Id. If a complaint alleges both habeas

and § 1983 claims, "the district court should separate the claims and decide the § 1983 claims." Id. We construe Courtney's complaint liberally as alleging two separate claims: (1) He is entitled to release because he did not violate his parole, and (2) he was deprived of due process because his parole was revoked without a hearing.

A. Release

We examine first whether Courtney's claim that he is entitled to release because he did not violate his parole is cognizable under § 1983. In Heck v. Humphrey, 114 S. Ct. 2364 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 2372 (footnote omitted).

As a first step in the analysis, a "court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. "Heck applies to proceedings which call into

5

question the fact or duration of parole."[2]  <u>Jackson v. Vannoy</u>, 49 F.3d 175, 177 (5th Cir.), <u>cert. denied</u>, 116 S. Ct. 148 (1995).

A judgment in favor of Courtney would imply that his parole revocation and his subsequent confinement are invalid.  Courtney asserts that his state habeas corpus application was denied, but he has not alleged that his parole revocation has been called into question by a federal court's issuance of a writ of habeas corpus. Thus, this claim is not cognizable under § 1983 at this time. Courtney has not demonstrated that the district court abused its discretion in dismissing his claim for release as frivolous under <u>Heck</u>.  <u>See</u> <u>Ancar</u>, 964 F.2d at 468.

B.   <u>Due Process</u>

Courtney contends that the district court erred in concluding that his procedural due process claim must first be brought in a petition for a writ of habeas corpus.  He asserts that he is challenging a violation of his right to due process in a parole revocation, not his conviction or the length of his confinement. As the claim has an indirect impact on whether Courtney will receive parole, it is cognizable under § 1983.  <u>See</u> <u>Orellana</u>, 65 F.3d at 31.

Due process requires that a preliminary hearing be held "to

_____

[2]    We have held that because absolute immunity is properly viewed as immunity from suit rather than a mere defense to liability, the court may resolve the question of absolute immunity before reaching a <u>Heck</u> analysis.  <u>See</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir. 1994).  In his capacity as the hearing officer, Havard may have enjoyed absolute immunity from damages for his participation in a quasi-judicial activity of revoking parole.  <u>See</u> <u>Walter v. Torres</u>, 917 F.2d 1379, 1383 (5th Cir. 1990).  However, the record is insufficient to make that determination in this case.

6

determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." Morrissey v. Brewer, 408 U.S. 471, 485 (1972). The minimum requirements of procedural due process for revocation hearings include: (1) written notice of the claimed violations of parole; (2) the disclosure to the parolee of evidence against him; (3) the opportunity to be heard in person and to present witnesses and documentary evidence; (4) the qualified right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. Id. at 489.

The record is inadequate to determine whether Courtney's due process claim has an arguable basis in law and fact. The district court did not provide Courtney with a questionnaire or hold a Spears[3] hearing to develop the facts of his due process claim. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992). The few facts that Courtney has alleged to support his due process claim, however, are not "clearly baseless." See Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993). In this instance, then, the district court abused its discretion in dismissing Courtney's allegations that his procedural due process rights were violated in the revocation of his parole. See Ancar, 964 F.2d at 468.

---

[3] Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985).

III

CONCLUSION

We affirm that portion of the district court's judgment dismissing Courtney's claim for release as not cognizable under § 1983. As for the judgment of the district court dismissing Courtney's due process claim, however, we vacate and remand the action for further proceedings consistent with this opinion. As this case does not present exceptional circumstances, Courtney's motion for appointment of counsel on appeal is denied. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED in part, VACATED and REMANDED in part; motion DENIED.